# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| SEKOU BAYE MAJEKODUNMI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 3:09-CV-366 JVB |
| v. | ) | |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Sekou Baye Majekodunmi, a *pro se* prisoner, filed this habeas corpus petition. He presents four grounds to challenge the prison disciplinary hearing, WCU 08-07-0597, which resulted in his losing 730 days earned credit time and being demoted to credit class 3 after the Westville Correctional Facility Disciplinary Hearing Body (DHB) found him guilty of Battery in violation of A-102 on August 13, 2008.[1] (DE 11-10 at 1.) In response, the Superintendent initially moved to dismiss because Majekodunmi had not raised these claims during his administrative appeals. The court agreed as to three of the four grounds, but found that he had administratively exhausted the claim that there was insufficient evidence to find that he had committed battery with a weapon or that the battery resulted in serious injury as required for a violation of A-102. Thus, the parties were ordered to brief the merits of Ground 2. This opinion now addresses that claim.

---

[1] This case and the underlying charges are related to, but distinct from, those presented in *Majekodunmi v. Superintendent*, 3:09-cv-365 (N.D. Ind. filed August 12, 2009). In that case, Majekodunmi challenged the prison disciplinary hearing, WCU 08-07-0817, in which the Westville Correctional Facility Disciplinary Hearing Body also found him guilty of Battery in violation of A-102 on August 13, 2008. That battery charge was for striking a different guard during the same disturbance at issue in this case. The habeas corpus petition in that case was dismissed because Majekodunmi had not presented his habeas grounds during his administrative appeals.

Majekodunmi argues that the evidence is insufficient that Sgt. Reed suffered a serious injury. In evaluating whether adequate evidence supports the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. Even a conduct report alone can provide sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*Id.* (quotations marks and citation omitted).

The Conduct Report written by Sgt. Reed states that Majekodunmi "delivered a punch to my face . . . [and] he knocked me to the ground and again punched me in my face splitting my upper lip." (DE 11-2 at 1.) Majekodunmi argues that this is insufficient to support a finding of serious injury. First, the some evidence standard is a lenient one, requiring no more than a modicum of evidence. *Hill*, 472 U.S. at 455. Furthermore, under Indiana law, serious bodily injury includes injuries resulting in extreme pain. *See* Ind. Code § 35-41-1-25(3) ("'Serious bodily injury' means bodily injury . . . that causes . . . extreme pain.").

> Moreover, determining where the line should be drawn between the lesser and the greater battery offense in this case is a question of state law. The state of Indiana has the right to determine what constitutes "serious bodily injury," and the resolution of this matter does not implicate the federal Constitution. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002).

*Calligan v. Wilson*, 362 Fed. Appx. 543, 545 (7th Cir. 2009). Here, Sgt. Reed's statement that he was punched twice in the face resulting in his upper lip being cut is some evidence from which the DHB was permitted to infer the existence of extreme pain. Therefore, in light of Indiana's definition of serious bodily injury, there is sufficient evidence (even if only a modicum) to support the finding that Majekodunmi was guilty of violating A-102.

For the foregoing reasons, the habeas corpus petition is **DENIED**.

**SO ORDERED** on February 22, 2011.

s/Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge  
Hammond Division